813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORFOLK AND PORTSMOUTH LINE RAILROAD COMPANY, a Virginia
Corporation, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-2053.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 13, 1986.
Decided March 5, 1987.
 
 E.D.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (C/A 85-459-N)
 Before WIDENER and CHAPMAN, Circuit Judges, and MAXWELL, Chief Judge, United States District Court for the Northern District of West Virginia, sitting by designation.
 Henry W. Austin, Jr. (James C. Howell; Willcox & Savage, on brief), for appellant.
 Raymond Alvin Jackson, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Stephen Merrill, Special Assistant United States Attorney; James A. Metcalfe, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The appellant, Norfolk and Portsmouth Belt Line Railroad Company, filed this civil action seeking indemnity and contribution from the United States in order to recoup a $12,000 settlement paid by the railroad to Theodore Nance, a railroad employee. Nance had successfully recovered from the railroad under the Federal Employers Liability Act (FELA) for injuries he suffered while attempting to operate a switch owned by the government. After hearing all of the evidence, the district court ruled in favor of the United States. The railroad appeals. We affirm because we conclude that the district court's finding, that the railroad had not proven that the corrosion of the switch was the cause of the accident, is not clearly erroneous.
 
 
 2
 On June 20, 1972, the United States and the railroad entered into a Railroad Spur Track Agreement providing for railway service to the Norfolk Naval Shipyard in Portsmouth, Virginia. Under the agreement, he United States agreed that it owned the switch in question and would maintain the switch at its expense in a manner satisfactory to the railroad. The United States inspected the switch in question annually. The last such inspection before Nance's December, 1983 accident was conducted on June 28, 1983. The government had not lubricated the switch for at least a year or more before the accident.
 
 
 3
 The switch was operated as often as August 11, September 22, 23, 26, November 21 and 30, 1983, apparently without complaint, for none came to the knowledge of the government. On December 1, 1983, Nance attempted to operate the switch but was unable to. On that date, Nance pulled the switch one-third of the way up before it jerked him back down. He did not throw the switch because of pain in his back and it turned out he had suffered a right shoulder sprain and right pectoral strain.
 
 
 4
 The railroad sought indemnity, or in the alternative contribution, from the United States on the ground that the government was negligent in failing to maintain the switch, thus leading to Nance's accident. It claimed that under Virginia law, one who is at most passively negligent can seek indemnity from an actively negligent tortfeasor. The district court concluded that under an active/passive theory, the railroad could not recover from the government because the railroad was actively negligent. The district court found no indemnity provision in the Railroad Spur Track Agreement. Finally, the district court rejected the railroad's claim for contribution, concluding that any negligence on the part of the United States was not the proximate cause of the injury complained of.
 
 
 5
 The railroad rests both its claim for indemnity and contribution upon the allegation that the accident was caused by corrosion of the switch in question, and that the government was negligent by not properly maintaining that switch. The district court found that the railroad had failed to carry its burden of proving that the accident was caused by corrosion of the switch. The evidence presented showed, among other things, that the switch was used or thrown, without remarkable incident, the day before and just after the accident.
 
 
 6
 After reviewing all of the facts, we cannot conclude that the district court's finding was clearly erroneous.
 
 
 7
 The judgment of the district court is accordingly,
 
 
 8
 AFFIRMED.